O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF FEYKO, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br> v.<br><br>YUHE INTERNATIONAL INC., GAO ZHENTAO, and HU GANG,<br><br>    Defendants. | Case No. CV 11-05511 DDP (PJWx)<br><br>**ORDER RE MOTIONS TO APPOINT LEAD PLAINTIFF AND CLASS COUNSEL**<br><br>[Dkt. Nos. 16, 21, 29, 52] |

  This matter comes before the court on Plaintiffs' motion for appointment of lead plaintiff and class counsel. After reviewing the materials submitted by MRMP-Managers LLC[1] ("MRMP") and aAd Partners LP ("aAd Partners") and considering oral argument, the court appoints aAd Partners LP ("aAd Partners") as Lead Plaintiff and Gold Bennett Cera & Sidener LLP as Lead Counsel.

**I. BACKGROUND**

  YUHE INTERNATIONAL, Inc. ("Yuhe") is a Nevada Corporation with its principal executive offices in the People's Republic of China. (aAd Partners Br. p.3:5-6.) Yuhe supplies day-old broiler chickens to broiler farms and integrated chicken companies that engage in

---

  [1] MRMP's Motion for Leave To File a Sur-Reply is granted. (Dkt. No. 52.)

the breeding, hatching, farming, slaughtering, and processing of broilers. Id. at p.3:6-9. Yuhe purchases breeding stocks from primary breeder farms, raises the stock for hatching eggs, and sells live day-old broilers. (MRMP Opp. p.1:10-13.)

The Plaintiffs, buyers and sellers of Yuhe stocks, allege that Yuhe and certain of its officers and directors violated the Securities and Exchange Act of 1934. Specifically, Plaintiffs contend that between December 31, 2009 and June, 17, 2011[2] Yuhe's officers and directors issued materially false and misleading information to investors relating to the purported acquisition of thirteen breeder farms and the potential diversion and misappropriation of funds by Yuhe's Chairman and CEO – Defendant Gao Zhentao. (aAd Partners Br. p.3:17-22.)

In mid-June 2011, a research report published on the internet alleged that Yuhe had misrepresented the details regarding the acquisition of the breeder farms and that Defendant Gao Zhentao may have misappropriated the funds associated with the purchase. (MRMP p.2:5-10.) Once this information was disseminated, Yuhe's stock dropped by 52%. (Id. at p.2:10-12.) The next day, Yuhe hosted a conference call during which it denied any misappropriation, but admitted to deliberately failing to make truthful public disclosures to prevent the company's stock from being affected. (aAd Partners Br. p.3:25-28.) Following the conference call, Yuhe's stock fell another 38%.

At the end of July, 2011, NASDAQ officially de-listed Yuhe's shares.

---

[2] Plaintiff MRMP alleges violations until June 23, 2011. (See MRMP Opp. p. 1:7-8.)

1       Plaintiff aAd Partners contends it was damaged by Defendants'
2  conduct in the amount of $4,962,273.88.  MRMP argues it lost
3  $459,290.21 due to Defendants' conduct.

**II.  DISCUSSION**

   **A.  Lead Plaintiff**

"Not more than 20 days after the complaint is filed the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class- (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."  15 U.S.C. § 78u-4(a)(3)(A)(i).

Under the Private Securities Litigation Reform Act ("PSLRA"), the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Id. at § 78u-4(a)(3)(B)(I).

"The Court presumes that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Id. § 78u-4(a)(3)(B)(iii)(I).

3

Both aAd Partners and MRMP have filed motions seeking designation as lead plaintiff. For the reasons listed below, the court appoints aAd Partners as lead plaintiff.

### 1. Notice

On July 1, 2011, the named plaintiff in the present case, Jeff Feyko, caused an initial notice to be published on <u>Business Wire</u>. (<u>See</u> Bright Decl. Ex. A.). The notice advised potential class members of the existence of the lawsuit, described the claims, and informed class members of their rights to move to serve as lead plaintiff. <u>Id.</u> The instant motions for appointment as lead plaintiff and lead counsel filed by aAd Partners and MRMP followed.[3]

### 2. aAd Partners Has The Largest Financial Interest

aAd Partners asserts it lost $4,962,273.88 due to Defendants' conduct and that MRMP lost $459,290.21. (aAd Partners Br. p.1:10-13.) MRMP concedes that aAd Partners' losses are "unquestionably the greatest" of the class. (MRMP Br. p.3:1.) Therefore, as the plaintiff with "the largest financial interest in the relief sought by the class," aAd Partners is "the presumptive lead plaintiff." <u>In re Cavanaugh</u>, 306 F.3d 726, 730 (9th Cir. 2002) (internal quotation marks omitted).

### 3. aAD Partners Satisfies Rule 23's Requirements

The court must "focus its attention on [the presumptive lead] plaintiff and determine, based on the information he has provided in the pleadings and declarations, whether he satisfies the

---

[3] Plaintiff Kevin Carroll also filed a motion for appointment as lead plaintiff, but has deferred to movants aAd Partners and MRMP. (<u>See</u> Dkt. No. 41).

4

requirements of Rule 23(a), in particular those of "typicality" and "adequacy." Cavanaugh, 306 F.3d. at 730; see Fed. R. Civ. P. 23(a)(listing numerosity, commonality, typicality, and adequacy of representation as the prerequisites of a class).

### a.  Typicality

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class.

"The typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct, and (3) their claims are based on the same legal issues." Armour v. Network Associates, Inc., 171 F.Supp.2d 1044, 1054 (N.D.Cal.2001)(citation omitted). Here, like in Armour, there is a well-defined community of interests which renders the claims of each class member typical of the claims asserted by other members of the purported class. See Id. Indeed, common questions of law and facts will include (1) whether Defendants' actions violated the federal securities laws; (2) whether Defendants caused Yuhe to issue false and misleading statements; (3) whether Defendants' conduct caused the market price of Yuhe securities to be artificially inflated during the Class Period and thereby caused the losses suffered by class members; and (4) whether the members of the class have sustained damages and, if so, what is the proper measure of damages. (See aAd Partners Objection to Wimsatt Cross-Examination p4:1-11.)

Because the claims of each purported class member in this case arise from the same event or course of conduct giving rise to aAd

5

Partners' claims, the court finds that aAd Partners is a typical plaintiff.

MRMP alleges that as aAd Partners is a hedge fund, it is not a typical or ideal plaintiff[4]. (MRMP Opp. 4:16-22.) However, "courts 'routinely appoint hedge funds ... even foreign hedge funds, as lead plaintiffs.'" In re Regions Morgan Keegan Closed-End Fund Litig., No. 07-02830, 2010 WL 5173851, *8 (W.D.Tenn.Dec.15,2010)(citation omitted). Additionally, "[h]edge funds are institutional investors, exactly the type of sophisticated market participants Congress intended to take on the role of lead plaintiff following the PSLRA's reforms."[5] Id. "Arguments that hedge funds are per se inappropriate candidates for appointment as lead plaintiff are unsupported by statute or case law." Id.

For the abovementioned reasons, the court finds that aAd Partners satisfies the "typicality" requirement of Rule 23.

### b. Adequacy

---

[4] The PSLRA requires "proof" that the presumptively most adequate plaintiff is subject to unique defenses. See Armour v. Network Associates, Inc., 171 F.Supp.2d at 1054; See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). MRMP contends that "aAd Partners was exposed to non-public information rendering the hedge fund vulnerable to unique defenses not applicable to the class in general." (MRMP Opp. P.6:4-6.) Specifically, MRMP argues that aAd Partners, unlike the rest of the class members, would be subject to a non-reliance defense should it attempt to invoke the fraud-on-the-market presumption of reliance. (Id. p.8-9:19-3.) However, MRMP has not provided concrete evidence that aAd Partners relied on non-public information before either purchasing or selling Yuhe securities. Consequently, MRMP has failed to show that aAd Partners would be subject to a unique defense.

[5] This is not to say that hedge funds are always appropriate lead plaintiffs. For example, in In re Bank One Shareholders Class Actions, 96 F.Supp. 2d 780, (N.D.Ill.2000), the court declined to appoint a hedge fund in part because of its trading strategies. Id. at 784.

The court also finds that aAd Partners will fairly and adequately protect the interests of the class, as required by Rule 23(a)(4). This prong is satisfied where the lead plaintiff's "attorneys are qualified" and where "its interests are not antagonistic to those of the class." Soc. Servs. Union, Local 535 v. County of Santa Clara, 609 F.2d 944, 947 (9th Cir. 1979). The court has seen no credible evidence[6] to suggest any antagonism of interests, and, as will be discussed, the law firm it has selected is headed by attorneys who are qualified and experienced in class action litigation.

**B. Class Counsel**

aAd Partners, as the lead plaintiff, is allowed, "subject to the approval of the court, [to] select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "The district court has latitude as to what information it will consider in determining typicality and adequacy." Cavanaugh, 306 F.3d at 732-33. (citation omitted). "But this is not a beauty contest; the district court has no authority to select for the class what it

---

[6] First, MRMP argues that Daniel Wimsatt, aAd Partners' Founder and Chief Investment Officer, (MRMP Reply p.4:6-7), wrote a blog article on April 29, 2011, with the intent to improperly influence the market for Yuhe Securities. (See MRMP Opp. p.13:5-8.) However, speculative assertions are insufficient to rebut the lead plaintiff presumption, See Armour v. Network Associates, Inc., 171 F.Supp.2d at 1054, and MRMP has not provided this court with evidence showing that the market fluctuated because of Wimsatt's blog article or that Wimsatt published the article as an attempt to influence it. Second, MRMP alleges that aAd Partners' "cozy relationship" with Roth Capital – a Yuhe underwriter – creates a clear conflict of interest. (See MRMP Opp. p.14:3-4.) Precisely, MRMP contends that aAd Partners will not be an adequate lead plaintiff as it will not aggressively pursue Roth Capital for fear of damaging their existing relationship. (Id. at 10-17.) Once more, MRMP fails to provide this court with anything other than speculation, which is insufficient to rebut the lead plaintiff presumption.

7

considers to be the best possible lawyer or the lawyer offering the best possible fee schedule." Id. "Indeed, the district court does not select class counsel at all. Rather, such information is relevant only to determine whether the presumptive lead plaintiff's choice of counsel is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." Id.

aAd Partners have selected Gold Bennett Cera & Sidener LLP as their counsel. This firm has extensive experience serving as lead counsel in at least nineteen securities class actions. (See Bright Decl. Ex. C.) Further, there is no suggestion that this selection is in any way "tainted by self-dealing or conflict of interest." Accordingly, the court appoints Gold Bennett Cera & Sidener LLP as class counsel.

**III. CONCLUSION**

Based on the foregoing analysis, the court appoints aAd Partners as lead plaintiffs and appoints the law firm of Gold Bennett Cera & Sidener LLP as class counsel.

IT IS SO ORDERED.

Dated: March 2, 2012

_____
DEAN D. PREGERSON
United States District Judge

8