O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF FEYKO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>YUHE INTERNATIONAL, INC., GAO ZHENTAO and HU GANG.,<br><br>        Defendants. | Case No. CV 11-05511 DDP (PJWx)<br><br>ORDER GRANTING IN PART AND DENYING IN PART LEAD PLAINTIFF'S MOTION TO AUTHORIZE SERVICE ON INDIVIDUAL DEFENDANTS LOCATED ABROAD BY SERVING DEFENDANT YUHE INTERNATIONAL, INC.'S U.S. COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)<br><br>[Docket No. 141] |

**I. Background**

Lead Plaintiff has sued Yuhe, a Nevada company headquartered in China that traded on the NASDAQ, three of its officers, its outside auditor, and the underwriters of its secondary stock offering. (Second Consolidated Amended Complaint ("SCAC") ¶¶ 18-28, Docket No. 133.) All defendants have entered appearances in this case other than the three Yuhe officers named as defendants: Chief Executive Officer Zhentao Gao ("Gao"), Chief Accounting Officer Jiang Yingjun ("Yingjun"), and former Chief Financial Officer Hu Gang ("Gang") (collectively the "Individual Defendants"). The Individual Defendants are alleged to have

violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"). (See generally SCAC.) Yuhe states, and Lead Plaintiff does not dispute, that Gao and Yingjun remain at Yuhe, but Gang resigned in July 2012. (Docket No. 145 at 2:21-25.) These Individual Defendants signed various 10-Ks, 10-Qs and secondary offering documents that Lead Plaintiff has alleged contain false statements of material fact regarding Yuhe's alleged purchase of thirteen breeder farms from Dajiang. (SCAC ¶¶ 51, 54, 56, 58, 59, 63, 66 and 68.) Sidley Austin LLP ("Sidley") represents Yuhe in this action. Presently before the Court is Lead Plaintiff's Motion to Authorize Service on Individual Defendant Yuhe International, Inc.'s U.S. Counsel Pursuant to Federal Rule of Civil Procedure 4(f)(3).

**II. Legal Standard**

Rule 4(f)(3), permits service in a place not within any judicial district of the United States "by ... means not prohibited by international agreement, as the court orders." The Ninth Circuit has held:

> As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.

2

Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002) (emphasis added). District Courts have the discretion to "determin[e] when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." Id. at 1016. Service should not offend due process, which requires that "the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. (internal quotation marks and citation omitted).

**III. Analysis**

Yuhe first argues that Lead Plaintiff should have attempted to serve the Individual Defendants pursuant to the Hague Convention. Many district courts disagree. See, e.g., Brown v. China Integrated Energy, Inc., 285 F.R.D. 560, 564-65 (C.D. Cal. 2012) ("These courts rejected contentions . . . that the Hague Convention provided the only means to effect service on a defendant residing in China.") (citing cases). The Ninth Circuit's holding in Rio Properties supports these district courts. Although the defendants in Rio Properties were located in a country that was not a signatory to the Hague Convention, Rio Properties 284 F.3d at 1015 n. 4, this distinction makes no difference. Rule 4(f)(1) specifically permits service pursuant to the Hague Convention, and the Ninth stated in Rio Properties stated that "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." Id. at 1015. The Circuit's conclusion follows from the plain language of Rule 4(f)(3), which

only requires that service "be (1) directed by the court; and (2) not prohibited by international agreement." Id. at 1014.

For similar reasons the Court rejects Yuhe's argument that Lead Plaintiff should have made other efforts to serve the Individual Defendants, before filing this Motion. As an initial matter, it is unclear what Yuhe could have done besides initiating service pursuant to the Hague Convention. Regardless, other courts have approved a Rule 4(f)(3) service when, "plaintiffs have shown the difficulty of serving the unserved defendants located abroad" and "[d]efense counsel have refused to accept service on behalf of the unserved defendants on the ground that they do not represent the international defendants." In re LDK Solar Sec. Litig., No. C 07-05182 WHA, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008). Both conditions are present here, as Yuhe's counsel has refused to accept service and Lead Plaintiff has demonstrated the lengthy, costly, and uncertain nature of serving individuals in China. (Brody Decl. Exs. B, C; see generally Kim Decl.); see Vanleeuwen v. Keyuan Petrochemicals, Inc., No. CV 11-9495 PSG JCGX, 2012 WL 5992134 (C.D. Cal. Nov. 30, 2012) ("While it may be possible for Plaintiffs to serve Tao in China through ordinary procedures, doing so may be an unproductive and unnecessary exercise. As such, in the present circumstances, the Court finds it appropriate to permit alternative service [of counsel or the registered agent of the corporation for which Tao was CEO].")

Yuhe also argues that Sidley is not authorized to accept service of the Individual Defendants, and therefore granting this Motion would be improper under Jimena v. UBS AG Bank, which held "service of process on an attorney is ineffective unless the

4

attorney has specific authority to accept service in the action." No. CV-F-07-367 OWW/SKO, 2010 WL 2465333, at *7 (E.D. Cal. June 10, 2010). However, Jimena recognized that the authority-to-accept-service requirement does not necessarily apply in the Rule 4(f)(3) context. Indeed, the whole point of a 4(f)(3) motion is to decide whether the Court, not anyone else, should authorize service. See In re China Educ. Alliance, Inc. Sec. Lit., CV 10-9239 CAS JCX, 2011 WL 6846214 (C.D. Cal. Dec. 29, 2011) ("[A]uthorizing service" of individual defendants via their company's counsel).

Yuhe also states that authorizing service in this case violates due process. However, this Court joins the others that have found that due process permits authorizing service on counsel for the company that employs foreign individual defendants. Id. at *3; Brown, 285 F.R.D. at 566 (C.D. Cal. 2012) ("Even if the individual defendants are not actively involved in directing the litigation, their close connection to China Integrated makes it all but certain that when Gao, Li, and Guo are served through the company's counsel or its agent, they will receive notice of the suit."); Vanleeuwen, 2012 WL 5992134 at *3. Thus, there are no due process concerns with granting Lead Plaintiff's Motion as to Gao and Yingjun.

However, Gang is different because he resigned from Yuhe over a year ago. In circumstances such as Gang's, some courts in this district have authorized Rule 4(f)(3) service and some have not. Rose v. Deer Consumer Products, Inc., CV 11-03701 DMG MRWX, 2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) (authorizing service); In re China Educ. Alliance, Inc. Sec. Litig., No. CV 10-9239 CAS, 2011 WL 3715969 (C.D. Cal. Aug. 22, 2011) (not authorizing service). This

Court finds service of Gang is inappropriate. As the <u>In re China Educ. Alliance</u> court held:

> [I]t would be difficult to ensure compliance with due process concerns. It is irrelevant whether it would be "easy" for CEU's agent to deliver process to each individual; the inquiry is whether the service is constitutionally "reasonably calculated" to reach these defendants, and without any apparent affiliation between the individuals and CEU, this Court cannot simply rely on the agent to deliver the summons and complaint.

2011 WL 3715969, at *3. Thus, the Court DENIES the Motion as to Gang on due process grounds.

**IV. Conclusion**

For the reasons stated herein, Lead Plaintiff's Motion is GRANTED as to Gao and Yingjun, but DENIED as to Gang.

IT IS SO ORDERED.

Dated: September 12, 2013

DEAN D. PREGERSON
United States District Judge