GOLD BENNETT CERA & SIDENER LLP
Solomon B. Cera (99467)
Thomas C. Bright (169713)
Pamela A. Markert (203780)
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 777-2230
Facsimile: (415) 777-5189
Email: scera@gbcslaw.com
       tbright@gbcslaw.com
       pmarkert@gbcslaw.com

Attorneys for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF FEYKO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br>YUHE INTERNATIONAL, INC., *et al.*,<br>Defendants.<br>_____<br>aAd PARTNERS LP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br>RODMAN & RENSHAW, LLC, *et al.*,<br>Defendants.<br>_____<br>ROTH CAPITAL PARTNERS, LLC, *et al.*,<br><br>Cross-Claimants,<br>v.<br>CHILD, VAN WAGONER & BRADSHAW, PLLC, *et al.*,<br><br>Cross-Defendants | Case No.: 11-cv-05511-DDP (PJWx)<br><br>**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE** |

ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR
NOTICE – Case No.: 11-cv-05511-DDP (PJWx)

1. WHEREAS, a class action is pending in this Court entitled *Jeff Feyko v. Yuhe International, Inc. et al.* (the "Action"); and

2. WHEREAS, Lead Plaintiff aAd Partners LP ("Lead Plaintiff"), on behalf of itself and the Class (defined below); and defendants Yuhe International, Inc. ("Yuhe"), Zhentao Gao, Jiang Yingjun, Child Van Wagoner & Bradshaw, PLLC ("CVB"), Roth Capital Partners, LLC ("Roth"), Brean Murray, Carret & Co., LLC ("Brean Murray"), and Global Hunter Securities, LLC ("Global Hunter") (collectively, the "Parties") have determined to settle all claims and cross-claims asserted against them and defendant Hu Gang in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 27, 2013 (the "Stipulation") subject to approval of this Court (the "Settlement"); and

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Class for purposes of the Settlement only, and allowing notice to Class Members as more fully described herein; and

WHEREAS, the Court has read and considered (a) the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed in this Action on April 4, 2013; (b) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (c) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and Rule (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purpose of effectuating the proposed Settlement, a Class consisting of all

1. persons or entities who purchased or otherwise acquired the common stock of Yuhe from December 31, 2009 through June 17, 2011 and who were damaged thereby and includes a subclass of all persons or entities who purchased or otherwise acquired the common stock of Yuhe prior to March 23, 2011 pursuant to and/or traceable to the Registration Statement and Prospectus for a public offering of 4,140,000 shares of the Company at a price of $7.00 per share, and which became effective October 20, 2010 (the "Offering") and who were damaged thereby (the "Class").  Excluded from the Class are the following persons or entities: (i) Defendants; (ii) the parents, successors, subsidiaries, affiliates and assigns of Defendants; (iii) members of the Immediate Family of Zhentao Gao, Jiang Yingjun, and Hu Gang; (iv) any person who was an officer or director of any Defendant or Rodman & Renshaw, LLC; (v) any underwriter, or affiliate of any underwriter, who offered, sold or purchased Yuhe common stock in the Offering and (vi) any firm, trust, corporation, or other entity in which any of the Defendants, or Rodman has a controlling interest or had a controlling interest.  Also excluded from the Class are any persons or entities who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice to be sent to Class Members pursuant to this Order.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Class and subclass pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Class; (d) Lead Plaintiff and Lead Plaintiff's Counsel have fairly and adequately represented and protected the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that Lead Plaintiff is an adequate class representative and certifies Lead Plaintiff as Class Representative for the Class. The Court also appoints Lead Plaintiff's Counsel, Gold Bennett Cera & Sidener LLP, as Class Counsel.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on June 9, 2014 at 2:00 p.m. in Courtroom 3 at the U.S. District Court, located at 312 North Spring Street, Los Angeles, California, 90012, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and should be approved by the Court; (b) to determine whether a Final Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in Paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

7. **Retention of Claims Administrator and Manner of Notice** – Class Counsel is hereby authorized to retain Gilardi & Co, LLC (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a) Yuhe shall provide Lead Plaintiff's Counsel the contact at its transfer agent and any authorization needed to obtain security holder lists;

(b) not later than twenty (20) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to Class Members at the addresses set forth in the records of Yuhe or its transfer agent(s), or who otherwise may be identified through further reasonable effort;

(c) not later than fifteen (15) business days after the Notice Date (the "Publication Notice Date"), the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 7 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of

the Action, of the effect of the proposed Settlement (including the releases contained therein) and of their right to object to the proposed Settlement and appear at the Settlement Hearing, or exclude themselves from the Class, (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement, and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who acquired the common stock of Yuhe between December 31, 2009 and June 17, 2011 for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners, or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

10. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit the Claim Form approved by this

Order in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, as defined in the Notice; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action

1  relating thereto, including, without limitation, the Final Judgment, and the releases
2  provided for therein, whether favorable or unfavorable to the Class; and (d) will be
3  barred from commencing, maintaining or prosecuting any of the Settled Claims
4  against each and all of the Released Parties, as more fully described in the
5  Stipulation and Notice.

6        13.     **Exclusion from the Class** – Any member of the Class who wishes to
7  exclude himself, herself or itself from the Class must request exclusion in writing
8  within the time and in the manner set forth in the Notice, which shall provide: (a)
9  that any such request for exclusion from the Class must be mailed or delivered
10 such that it is received no later than twenty-one (21) calendar days prior to the
11 Settlement Hearing, to: *Jeff Feyko v. Yuhe International, Inc. et al.*,
12 EXCLUSIONS, c/o Gilardi & Co., LLC, and (b) that each request for exclusion
13 must (i) state the name, address and telephone number of the person or entity
14 requesting exclusion; (ii) state that such person or entity "requests exclusion from
15 the Class in *Jeff Feyko v. Yuhe International, Inc., et al.,* 11-cv-05511-DDP
16 (PJWx)"; (iii) state the number of Yuhe shares that the person or entity requesting
17 exclusion purchased/acquired and/or sold, as well as the dates and prices of each
18 such purchase/acquisition and sale, or include brokerage statements that reflect the
19 number of shares of Yuhe common stock that the person or entity requesting
20 exclusion purchased/acquired and/or sold and the dates and prices of each such
21 purchase/acquisition and sale; and (iv) be signed by the person or entity requesting
22 exclusion or an authorized representative.  A request for exclusion shall not be
23 effective unless it provides all the required information and is received within the
24 time stated above, or is otherwise accepted by the Court.

25        14.     Any person or entity who or which timely and validly requests
26 exclusion in compliance with the terms stated in this Order or is otherwise
27 excluded by the Court from the Class shall not be a Class Member, shall not be
28

bound by the terms of the Settlement or any orders or judgments in the Action, and shall not be eligible to receive any payment out of the Net Settlement Fund.

15. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order or is not otherwise excluded from the Class by the Court: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Final Judgment, and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settled Claims against any of the Released Parties, as more fully described in the Stipulation and the Notice.

16. **Appearance and Objections at Settlement Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Class Counsel and Defendants' Counsel as set forth in paragraph 17 below such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

17. Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to

contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection in the manner provided in the Notice such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing on each of the following:

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Solomon B. Cera, Esq.<br>Pamela A. Markert, Esq.<br>Gold Bennett Cera & Sidener LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105 | Sara B. Brody, Esq.<br>Cecilia Y. Chan, Esq.<br>Sidley Austin LLP<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br><br>John R. Loftus, Esq.<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East<br>Los Angeles, CA  90067-5954<br><br>William E. Stoner, Esq.<br>William E. Stoner, P.C.<br>601 S. Figueroa Street, Suite 2340<br>Los Angeles, CA  90017<br><br>**Defendants Without Counsel**<br>Jiang Yingjun<br>Zhentao Gao<br>Hailong Street<br>Hanting District, Weifang<br>Shandong Province<br>The People's Republic of China<br>Facsimile:  +81-536-736-5688<br>Email:yuhecaiwu@126.com |

18.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of his, her or its objection, as well as the specific reasons for each objection, including the legal and evidentiary support the Class Member wishes to bring to the Court's

attention; and (c) must include documents sufficient to prove the number of shares of Yuhe common stock as well as the dates and prices of each such purchase/acquisition and sale.

19. Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to the Settlement, the Plan of Allocation and the motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending the Settlement Hearing, the Court enjoins Lead Plaintiff and all other Class Members from commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all of the Settled Claims against each and all of the Released Parties.

21. **Settlement Administration Fees and Expenses** – Prior to the Effective Date, Class Counsel may pay, without further approval of Defendants or further order of the Court, all reasonable costs incurred in identifying and notifying Class Members as well as in administering the Settlement up to $100,000 as set forth in the Stipulation.

22. **Settlement Fund** – The contents of the Total Settlement Fund held by Gilardi & Co., LLC (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     **Taxes** – Lead Counsel and/or the Claims Administrator are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Total Settlement Fund, to pay from the Total Settlement Fund any Taxes owed with respect to the Total Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.     **Termination of Settlement** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Stipulation does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiff, the Class Members and Defendants, and the Parties shall be deemed to have reverted to their respective positions in this Action as provided in the Stipulation.

25.     **Use of this Order** – This Order, the proposed Settlement, the Stipulation and any and all of their respective terms (and all negotiations, discussions and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the proposed Settlement; (b) shall not be described as, construed as, interpreted as or offered or received against any of the Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Defendant as to any liability, negligence, fault, wrongdoing on its or his part or the validity of any claim by Lead Plaintiff or the merits of any of its defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against Lead Plaintiff, or any Class Member as evidence of any infirmity in the claims of Lead Plaintiff, and the Class Members or that the damages recoverable from the Defendants would not have exceeded the Settlement Amount.

26. **Supporting Papers** – Lead Counsel shall file and serve papers in support of the proposed Settlement no later than May 5, 2014; if reply papers are necessary, they are to be filed and served no later than May 28, 2014.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED** this __7th_____ day of March, 2014.

_____
The Honorable Virginia A. Phillips
United States District Judge