JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF FEYKO, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>  v.<br>YUHE INTERNATIONAL, INC., *et al.*,<br>    Defendants.<br><br>aAd PARTNERS LP, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>  v.<br>RODMAN & RENSHAW, LLC, *et al.*,<br>    Defendants.<br><br>ROTH CAPITAL PARTNERS, LLC, *et al.*,<br><br>    Cross-Claimants,<br>  v.<br>CHILD, VAN WAGONER & BRADSHAW, PLLC, *et al.*,<br>    Cross -Defendants. | Case No.: 11-cv-05511-DDP (PJWx)<br><br>**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

1  WHEREAS, Lead Plaintiff aAd Partners LP ("Lead Plaintiff"), on behalf of
2  itself and the Class (defined below); and defendants Yuhe International, Inc.
3  ("Yuhe"), Zhentao Gao, Jiang Yingjun, Child Van Wagoner & Bradshaw, PLLC
4  ("CVB"), Roth Capital Partners, LLC ("Roth"), Brean Murray, Carret & Co., LLC
5  ("Brean Murray"), and Global Hunter Securities, LLC ("Global Hunter")
6  (collectively, the "Parties") have entered into a Stipulation and Agreement of
7  Settlement dated December 27, 2013 (the "Stipulation"), that provides for a
8  complete dismissal with prejudice of the claims and cross-claims asserted in the
9  above-referenced litigation (the "Action") against Defendants and Cross-
10 Defendants on the terms and conditions set forth in the Stipulation, subject to the
11 approval of this Court (the "Settlement");

12 WHEREAS, unless otherwise defined in this Judgment, the capitalized
13 terms herein shall have the same meaning as they have in the Stipulation;

14 WHEREAS, by Order dated March 7, 2014 (the "Preliminary Approval
15 Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the
16 Class solely for purposes of effectuating the Settlement; (c) ordered that notice of
17 the proposed Settlement be provided to potential Class Members; (d) provided
18 Class Members with the opportunity either to exclude themselves from the Class
19 or to object to the proposed Settlement, and (e) scheduled a hearing regarding
20 final approval of the Settlement;

21 WHEREAS, due and adequate notice has been given to the Class;

22 WHEREAS, the Court conducted a hearing on June 9, 2014 (the
23 "Settlement Hearing") to consider, among other things: (a) whether the terms and
24 conditions of the Settlement are fair, reasonable and adequate and should therefore
25 be approved; and (b) whether a judgment should be entered dismissing the entire
26 Action, including all claims and cross-claims with prejudice as against Defendants
27 and Cross-Defendants; and

28

[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
Case No.: 11-cv-05511-DDP (PJWx)

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents:** This Final Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on January 6, 2014; and (b) the Notice and the Summary Notice, both of which were filed with the Court on January 6, 2014.

3. **Class Certification for Settlement Purposes:** The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons or entities who purchased or otherwise acquired the common stock of Yuhe from December 31, 2009 through June 17, 2011 and who were damaged thereby and includes a subclass of all persons or entities who purchased or otherwise acquired the common stock of Yuhe prior to March 23, 2011 pursuant to and/or traceable to the Registration Statement and Prospectus for the Secondary Offering of 4,140,000 shares of the Company offered at a price of $7.00 per share, and which became effective October 20, 2010 and who were damaged thereby (the "Class"). Excluded from the Class are the following persons or entities: (i) Yuhe, Zhentao Gao, Jiang Yingjun, Hu Gang, CVB, Roth, Brean Murray, and Global Hunter (collectively, the "Defendants"); (ii) the parents, successors, subsidiaries, affiliates and assigns of Defendants; (iii) members of the Immediate Family of Zhentao

Gao, Jiang Yingjun, and Hu Gang; (iv) any person who was an officer or director of any Defendant or Rodman & Renshaw, LLC; (v) any underwriter, or affiliate of any underwriter, who offered, sold or purchased Yuhe common stock in the Secondary Offering and (vi) any firm, trust, corporation, or other entity in which any of the Defendants has a controlling interest or had a controlling interest.  Also excluded from the Class are the persons listed on Exhibit A hereto who, pursuant to request, are excluded from the Class.

4. **Adequacy of Representation:**  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying the Lead Plaintiff as the Class Representative for the Class and appointing Lead Plaintiff's Counsel as Class Counsel for the Class.  The Lead Plaintiff and Lead Plaintiff's Counsel have fully and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice:**  The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed

1  Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of
2  Civil Procedure, the United States Constitution (including the Due Process
3  Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15
4  U.S.C. §78u-4(a)(7), and all other applicable law and rules.

5        6. **Final Settlement Approval and Dismissal of Claims:** Pursuant to,
6  and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this
7  Court hereby fully and finally approves the Settlement set forth in the Stipulation
8  in all respects (including, without limitation, the releases provided for therein,
9  including the release of the Settled Claims (as defined in Paragraph 1(hh) of the
10 Stipulation) as against the Released Parties (as defined in Paragraph 1(dd) of the
11 Stipulation), and the dismissal with prejudice of all claims and cross-claims
12 against Defendants and Cross-Defendants), and finds that the Settlement is, in all
13 respects, fair, reasonable and adequate, and is in the best interests of the Lead
14 Plaintiff and the Class. The Parties are directed to implement, perform and
15 consummate the Settlement in accordance with the terms and provisions of the
16 Stipulation.

17       7. The Action and all of the claims against the Defendants by the Lead
18 Plaintiff and Class Members and the cross-claims against the Cross-Defendants
19 are hereby dismissed with prejudice, as of the Effective Date. The Parties shall
20 bear their own costs and expenses, except as otherwise expressly provided in the
21 Stipulation.

22       8. **Binding Effect:** The terms of the Stipulation and of this Judgment
23 shall be forever binding on Defendants, Lead Plaintiff and all Class Members
24 (regardless of whether or not any individual Class Member submits a Claim Form
25 or seeks or obtains a distribution from the Net Settlement Fund), as well as their
26 respective successors and assigns.

27       9. **Releases:** The releases as set forth in Paragraphs 7, 8 and 9 of the
28 Stipulation (the "Releases"), together with the definitions contained in Paragraph

1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

    (a) Lead Plaintiff and all other Class Members, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, directors, investors and agents in their capacity as such, will release and shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties, whether or not the Lead Plaintiff or Class Members execute and deliver a Proof of Claim Form to the Claims Administrator;

    (b) Each of the Defendants and each of the other Released Parties, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors, investors, investment advisors and agents in their capacity as such, will release and shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every Released Claim Against the Lead Plaintiff as against (i) the Lead Plaintiff and its respective attorneys, (ii) any other Class Member, and (iii) each of the foregoing individuals' and/or entities' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors, investors, investment advisors and agents in their capacity as such.

    (c) The Underwriter Defendants will release and shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every cross-claim against Yuhe, Zhentao Gao, Jiang Yingjun, Hu Gang and CVB.

    10. **Bar Order:** In accordance with the PSLRA, as codified at 15 U.S.C. §78u-4(f)(7)(A), any and all claims for contribution arising out of any Settled

1 Claims (a) by any person or entity against any of the Released Parties, and (b) by
2 any of the Released Parties against any person or entity, other than as set out in 15
3 U.S.C. §78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished,
4 discharged, satisfied, and unenforceable. Accordingly, without limitation to any
5 of the above, (a) any person or entity is hereby permanently enjoined from
6 commencing, prosecuting, or asserting against any of the Released Parties any
7 such claim for contribution, and (b) the Released Parties are hereby permanently
8 enjoined from commencing, prosecuting, or asserting against any person or entity
9 any such claim for contribution. In accordance with 15 U.S.C. §78u-4(f)(7)(B),
10 any final verdict or judgment that might be obtained by or on behalf of the Class
11 or a Class Member against any person or entity based upon or arising out of any
12 Settled Claim for which such person or entity and any Released Parties are found
13 to be jointly liable shall be reduced by the greater of (a) an amount that
14 corresponds to the percentage of responsibility of any such Released Party for
15 common damages or (b) the amount paid to the Class by or on behalf of each such
16 Released Party for common damages. All claims for contribution or
17 indemnification, however denominated, and all claims where the damage to the
18 claimant is measured by reference to the claimant's liability to the Lead Plaintiff
19 or the Settlement Class or the claimant's incurring of costs of defense of those
20 claims, which may be or have been brought against the Released Parties and
21 which arise under the federal securities laws or state law in favor of Persons,
22 including any Defendants, who are asserted to be joint tortfeasors with the
23 Released Parties in the Settled Claims, are hereby extinguished, barred, and
24 dismissed with prejudice

25      11. **Rule 11 Findings:** The Court finds and concludes that the Parties
26 and their respective counsel have complied in all respects with the requirements of
27 Rule 11 of the Federal Rules of Civil Procedure in connection with the
28 commencement, maintenance, prosecution, defense and settlement of the Action.

12. **<u>No Admissions:</u>** Neither this Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, proceedings or agreements connected therewith, nor any matters arising in connection with the settlement negotiations, proceedings, or agreement:

    (a) shall be offered or received against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by the Lead Plaintiff or the validity of any claim that was or could have been asserted against any of the Defendants in this Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

    (b) shall be offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants, or against the Lead Plaintiff or any other Class Members as evidence of any infirmity in the claims of the Lead Plaintiff or the other Class Members;

    (c) shall be offered or received against any of the Defendants, or against the Lead Plaintiff or any other Class Members as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, or against the Lead Plaintiff, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Defendants, Lead Plaintiff, and any other Class Member may refer to the Stipulation to effectuate the protection from liability granted thereunder or otherwise to enforce the terms of the Settlement;

        (d)    shall be construed against any Defendant, the Lead Plaintiff, or any other Class Member as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; nor

        (e)    shall they be construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiff, or any other Class Member that any of their claims are without merit or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

13. **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Total Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Total Settlement Fund; (d) any motion to approve the Plan of Allocation; and (e) the Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement. As soon as practicable following entry of the foregoing orders, Lead Plaintiff's Counsel shall cause the Net Settlement Fund to be distributed to Class Members.

15. **Modification of Settlement Agreement:** Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially

1 inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Final Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation

**IT IS SO ORDERED.**

Dated: June 10, 2014

*[signature: Dean D. Pregerson]*

The Honorable Dean D. Pregerson
United States District Judge

**Exhibit A to Final Judgment**

*Jeff Feyko v. Yuhe International, Inc., et al.*

<u>Class Members Requesting Exclusion</u>

1. Calvin C. Fresne and Virginia K. Fresne
   New Braunfels, Texas

2. Edmund John Button
   Victoria, BC, Canada